IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PARADISE CONSTRUCTION, LLC,

    Plaintiff,

v.

SIGNATURE FLIGHT SUPPORT CORPORATION.,

    Defendant.

Case No. C16-1810 RSM

ORDER GRANTING DEFENDANT'S MOTION TO STRIKE SUPPLEMENTAL EXPERT WITNESS DISCLOSURE

THIS MATTER comes before the Court on Defendant's Motion to Strike the Supplemental Expert Disclosure of Charles A. Longley. Dkt. #38. Defendant argues that Mr. Longley was not properly disclosed as an expert witness, and therefore his untimely supplemental report adding numerous new expert opinions is also improper. *Id.* Plaintiff responds that Mr. Longley was properly disclosed as a fact witness, and that it then properly supplemented Mr. Longley's report upon request by Defendant. Dkt. #40.

The deadline for disclosing expert witness reports in this matter was January 19, 2018. Dkt. #34. On that date, Plaintiff served its "expert witness disclosures" on Defendant. With respect to Mr. Longley, Plaintiff provided:

> Mr. Longley is anticipated to provide testimony concerning the nonfunctionality of the Aircraft gear warning horn in July 2016. In particular, Mr. Longley is anticipated to testify at trial that following the gear-up landing of the Aircraft on or about July 5, 2016, he personally inspected the Aircraft squat switches, landing gear retraction, and gear warning horn. Mr. Longley's inspection revealed that the gear warning horn was inoperative. Furthermore, Mr. Longley was a witness to the

ORDER– 1

July 3, 2015 gear up landing, and is expected to testify regarding the congestion on the air-to-air frequency at Arlington Municipal Airport on July 3, 2015 and the density of ground traffic on the surface at the field and air traffic in the traffic pattern and greater vicinity at the time of the gear-up landing of the Aircraft. Finally, Mr. Longley is anticipated to testify regarding performance of annual inspections, use of checklists in connection therewith, logbook entries pertaining to performance of maintenance, the purpose of a gear warning horn, and his expert knowledge of repair and replacement of aircraft parts, systems, and components, together with related logbook entries and costs.

Dkt. #38 at 2. After receiving correspondence from Defendant regarding its perceived deficiencies with the disclosure, Plaintiff acknowledged that Mr. Longley's opinions were not provided as an expert, but rather as a fact witness. Dkt. #39, Ex. 2 at 1-2. Plaintiff also stated that it would provide a supplement as to topics that were outside of the scope of Mr. Longley's initial retention by Plaintiff. *Id.* On March 20, 2018, Plaintiff served a supplemental expert report on Defendant. In that report, Mr. Longley provided numerous opinions outside the scope of the original disclosure. *See* Dkt. #38 at 4. The instant motion followed.

Federal Rule of Civil Procedure 26 requires:

> Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

ORDER– 2

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

(C) *Witnesses Who Do Not Provide a Written Report.* Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:

(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and

(ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. Proc. 26(2)(B) and (C).

Having reviewed Defendant's motion, the Court agrees that Mr. Longley's initial "report" wholly fails to meet the Rule 26 requirements for expert witnesses. It fails to present any "opinions" or the reason or basis for them. It fails to present facts or data used by the witness to form such opinions, and it fails to present the witness's qualifications to serve as an expert. Had Plaintiff intended Mr. Longley to serve as an expert, then it was required to comply with those requirements. At most, the disclosure identified Mr. Longley as a fact witness. Thus, for the reasons stated by Defendant in its motion and Reply brief, the Court agrees that Mr. Longley's supplemental report with new "expert" opinions was improper.[1] Dkts. #38 and #47.

Accordingly, having reviewed Defendant's motion, the opposition thereto, and reply in support thereof, along with the parties' supporting Declarations and exhibits, the Court hereby

ORDER– 3

finds and ORDERS that Defendant's Motion to Strike (Dkt. #38) is GRANTED.  **Mr. Longley is limited to testifying as a fact witness with respect to the gear-up landing and what he saw, including the amount of air and ground traffic at the time, and any work he performed on the airplane after the accident and what he discovered through that work (*i.e.*, that the gear warning horn was inoperative after the accident).**

DATED this 11th day of May 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Court is not persuaded by Plaintiff that Defendant waived its right to challenge the supplemental report in any manner. *See* Dkt. #40 at 8.

ORDER– 4