IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PARADISE CONSTRUCTION, LLC,

    Plaintiff,

v.

SIGNATURE FLIGHT SUPPORT CORPORATION,

    Defendant.

Case No. C16-1810RSM

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on Defendant's Motion for Partial Summary Judgment. Dkt. #44. Defendant asks the Court to dismiss Plaintiff's fraud claim and Plaintiff's requests for damages for diminution in value and for repairs to the subject airplane in this matter. *Id.* Plaintiff responds by withdrawing its fraud claim, and opposing the request to dismiss its damages claims. Dkt. #52. For the reasons set forth below, this Court now GRANTS IN PART and DENIES IN PART Defendant's motion.

## II. BACKGROUND

This matter arises from an airplane accident occurring in Arlington, WA. Dkt. #1. The facts pertaining to the accident are now largely irrelevant to the instant motion, given that the only portion of the motion before the Court concerns Plaintiff's requests for certain damages. The facts relevant to the Court's discussion of that portion of the motion are noted where applicable below.

ORDER– 1

## III. DISCUSSION

### A. Legal Standard on Summary Judgment

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (*citing Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)). Material facts are those which might affect the outcome of the suit under governing law. *Anderson,* 477 U.S. at 248.

The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Further, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 251.

### B. Plaintiff's Fraud Claim

Defendant first moves for summary judgment on Plaintiff's claim for actual or constructive fraud under North Dakota law. Dkt. #44 at 9-12. In response, Plaintiff has voluntarily withdrawn that claim. Dkt. #52 at 1. Accordingly, Defendant's motion is

GRANTED as to Plaintiff's Third Cause of Action for fraud, and that claim is now DISMISSED.

**C. Damages**

Defendant next moves to dismiss Plaintiff's claims for diminution in value and repair costs damages. Dkt. #44 at 12-14. For the reasons discussed below, Defendant's motion is granted in part and denied in part.

*1. Diminution in Value*

Defendant seeks to dismiss Plaintiff's request for diminution in value damages on the basis that Plaintiff has produced no evidence from which such an award could be determined. Dkt. #44 at 13-14. In response, Plaintiff "concedes it has not undertaken the expense to hire a professional aircraft appraiser," but insists that a jury could conclude from trial testimony that damage history adversely affects aircraft resale values. Dkt. #52. Plaintiff also now asserts that its owner, Kurt Lepping, has calculated the alleged diminution in value. *Id.*

The Court agrees with Defendant that this request for damages should be dismissed. As the Court previously found with respect to proposed expert Charles Longley, the evidence now proffered by Plaintiff through Mr. Lepping is wholly untimely. Prior to responding to the instant motion, Plaintiff provided no evidence to support its diminution in value claim, nor did it disclose how much it believed it was damaged in that way. *See* Dkt. #45, Ex. 2 at 9. Instead, it simply stated, "It is common knowledge that damage history lowers the market value of aircraft, just as is the case for, e.g., automobiles with a crash history." *Id.* Plaintiff now asserts for the first time that the subject airplane has lost $10,000 in market value. Dkt. #52 at 4. In support of that assertion, Plaintiff relies on the

ORDER– 3

Declaration testimony of Mr. Lepping. Dkt. #51 at ¶ 5. However, that testimony contradicts that given in Mr. Lepping's deposition, during which he testified:

> Q (By Mr. Wooding) Are you claiming any loss of market value or diminution in value as a result of this gear-up?
>
> A Yes.
>
> Q How much?
>
> A Don't have that information in front of me.
>
> Q So you have no documentation regarding that?
>
> A Not in front of me. I don't have it committed to memory.
>
> Q Do you have documentation about the diminution of value?
>
> A Do I have it? Yes, I have it. I don't have it on me.
>
> Q I understand that. But have you received –
>
> A No. I've talked to the aircraft appraisers and how to calculate it. I just don't have that in front of me.
>
> Q But my question is, have you come up with a number? I know you don't have it here.
>
> A No.
>
> Q You have not?
>
> A No.
>
> Q Any estimate as to what you're going to claim?
>
> A No.
>
> Q How am I going to find out?
>
> A Through my attorney.
>
> Q When am I going to find out?
>
> A When they give it to you.

ORDER– 4

Dkt. #45, Ex. 1 at 99:11-100:10.

Plaintiff cannot defeat summary judgment by producing a Declaration that contradicts prior deposition testimony. *Monetti v. City of Seattle*, 875 F. Supp.2d 1221, 1229 (W.D. Wash. 2012) (recognizing that "a party cannot use a sham affidavit to contradict a prior statement to create a material issue for the purpose of overcoming summary judgment"). Likewise, the Court agrees with Defendant that Mr. Lepping's opinion is also untimely, and constitutes an inadequate expert opinion. Contrary to Plaintiff's assertion that diminution in value of an airplane is "common knowledge," Mr. Lepping testified that he had to speak to aircraft appraisers about how to calculate it. Dkt. #45, Ex. 1 at 99:23-24. Further, he admits that his opinion is based on his own history of buying and selling airplanes. Dkt. #51 at ¶ 5. Thus, his opinion relies on "specialized knowledge." FRE 702. Plaintiff did not disclose Mr. Lepping as an expert in this matter or produce an expert report on this issue pursuant to Federal Rule of Civil Procedure 26(b)(2). The deadline for doing so was January 19, 2018. Dkt. #34. Thus, Plaintiff may not rely on its untimely disclosure now. For these reasons, the Court agrees that Defendant is entitled to summary judgment with respect to diminution in value, and the Court dismisses that category of damages from this matter.

2. *Repair Costs*

Finally, Defendant asks this Court to dismiss Plaintiff's request for repair cost damages. Dkt. #44 at 13. Defendant argues that it does not know how much Plaintiff is claiming in such damages, although it did receive documentation of approximately $75,000 in parts and labor costs on the last day of discovery. *Id.* As a result, Defendant asserts that the request for these damages is purely speculative and therefore should be dismissed.

ORDER– 5

Plaintiff responds that because it has produced documentation supporting its damages request, this damages claim should not be dismissed. Dkt. #52 at 3-4.

The Court agrees with Plaintiff in part. With respect to the damages supported by documents produced during discovery (approximately $75,000 in costs), the Court will not dismiss the request for those damages. Nonetheless, nothing in this Order precludes Defendant from making any objections it feels are necessary with respect to the admissibility or authenticity of any testimony or documents offered at trial by Plaintiff in support of those damages.

However, it appears that Plaintiff is also attempting to assert four new items of repair costs through its response to the instant motion. Indeed, Mr. Lepping states in his Declaration that he now calculates the total repair costs at $96,116.37. Dkt. #51 at ¶ 3. The four additional repair items referred to by Mr. Lepping, totaling $25,176.59, are not accompanied by any supporting documents. *See id.* Moreover, Defendant notes, and Mr. Lepping appears to admit, that these were never disclosed during discovery. Dkts. #56 at 5 and #51 at ¶ 5. Mr. Lepping previously testified that airplane repairs were completed before his deposition in November 2017. Dkt. #45, Ex. 1 at 98:25-99:8. Plaintiff provides no justification for failing to disclose the additional alleged damages by the March 20, 2018, discovery deadline. Accordingly, the Court will grant summary judgment with respect to the additional $25,000 in damages set forth in Mr. Lepping's Declaration at Dkt. #51, ¶ 3, and will dismiss that portion of the claim.

///

///

///

# IV. CONCLUSION

Having reviewed Defendant's motion, the opposition thereto, and reply in support thereof, along with the parties' supporting Declarations and exhibits, the Court hereby finds and ORDERS:

1. Defendant's Motion for Partial Summary Judgment (Dkt. #44) is GRANTED IN PART and DENIED IN PART as discussed above.

   a. Plaintiff's Third Cause of Action for Fraud (Dkt. #1 at ¶ ¶ 5.12-5.24) is DISMISSED.

   b. Plaintiff's claim for diminution in value damaged is DISMISSED in its entirety.

   c. Plaintiff's claim for repair damages remains, but is LIMITED to any damages that can be supported by evidence disclosed to Defendant within the discovery period. Any request for the additional $25,000 in damages set forth in Mr. Lepping's Declaration at Dkt. #51, ¶ 3 is DISMISSED.

DATED this 22 day of May, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE